**BASSEL et al. v. SECURITY NAT. BANK OF WICHITA FALLS, TEX.**

Circuit Court of Appeals, Eighth Circuit. March 31, 1927.

No. 7430.

1. Courts ⟨⟩312(4)—District Court had jurisdiction of suit by nonresident assignee of promissory notes, where payee could have invoked jurisdiction (Judicial Code, § 24 [Comp. St. § 991]).

District Court had jurisdiction of suit by assignee, who was nonresident and noncitizen of the state, on promissory notes, where original payee was a nonresident and noncitizen, and might have invoked the jurisdiction; Judicial Code, § 24 (Comp. St. § 991), not affecting jurisdiction of suits which might have been prosecuted in federal courts, if no assignment had been made.

**2. Bills and notes ⚖537(6)—Directed verdict for plaintiff held proper in bank's suit on notes acquired as collateral to payee's debt without notice of defenses.**

Court properly directed verdict for plaintiff in suit on notes which plaintiff bank acquired for value as collateral to loans to original payee, without actual knowledge of complete defenses existing between makers and payee, where evidence did not show such circumstances as to put plaintiff on inquiry.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by the Security National Bank of Wichita Falls, Tex., against R. C. Bassel and another. Judgment for plaintiff, and defendants bring error. Affirmed.

W. C. Austin, of Altus, Okl., for plaintiffs in error.

Joseph H. Aynesworth, of Borger, Tex: (Stevens & Cline, of Lawton, Okl., on the brief), for defendant in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SYMES, District Judge.

STONE, Circuit Judge. From a judgment entered on a directed verdict in an action against the makers of three promissory notes, this writ of error is sued out.

These notes were made upon the same date by plaintiffs in error (R. C. Bassel and B. J. Bassel) in Oklahoma, to the order of Thomas Cook. The execution of the notes is admitted. So far as material to the matters presented in this court, the defenses were an attack upon the jurisdiction of the court as a federal court and that the plaintiff below was not an innocent holder for value and therefore subject to the defense that the notes were without consideration and had been delivered to the payee only upon conditions which had never been complied with. There is another contention made here which is that the notes are nonnegotiable because of a provision for rights of extension of payment appearing on the face thereof. This question is not open upon this record because the answer raises no such issue but inferentially, if not expressly, treats the notes as negotiable.

[1] The attack upon the jurisdiction is stated as follows: That a portion of section 24 of the Judicial Code (36 Stat. 1091; Comp. St. § 991) provides that "no District Court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made"; that when Cook indorsed these notes in blank they became (within the meaning of the law merchant and the above statutory provision) "payable to bearer." We need not determine whether such indorsement had the above effect, because the petition alleges that Cook was at the time this action was commenced, and at all times mentioned in the petition, "a resident and citizen of the state of Texas, residing in Potter county, in said state of Texas." This statement is not challenged. Also, it stands alleged and undisputed that both of the Bassels were residents and citizens of the state of Oklahoma at the time this action was brought. As Cook, the original payee, might have invoked the jurisdiction of the court below, his assignee or transferee (also being a nonresident and noncitizen of Oklahoma) might, under the above statute, do likewise.

[2] The evidence stands undisputed that these notes were delivered to Cook upon the condition that he would deliver to the makers thereof deeds to certain lands for which lands the notes were to be payment. Also, it is undisputed that Cook entirely failed to deliver such deeds or anything else. In short, there was a total failure of consideration for the notes. Therefore, there was a complete defense thereto unless such notes came into the hands of an innocent purchaser for value before maturity. The evidence is clear that the bank acquired these notes for value (as collateral to loans made to Cook) before maturity of any of the notes and without actual knowledge of any equities or defenses which might be urged by the makers thereof in resisting payment. The issue is thus narrowed to whether the bank took this paper under conditions which would justify a jury in finding that it was put upon inquiry as to the condition or validity of the notes. The contention is that a number of circumstances, when taken together, would justify such submission. We have carefully read and considered all of the evidence bearing on this issue and, while it shows carelessness in banking methods and reticence in testifying, it seems to us that it goes no further than that and that the trial court was right in concluding that defendant in error was an innocent purchaser, before maturity, for value.

The judgment should be and is affirmed.